UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMELLO RANDLE,<br><br>    Plaintiff,<br><br>  v.<br><br>MATTHEW FREGI, et al.,<br><br>    Defendants. | Case No. 24-cv-02098-JSC<br><br>**ORDER OF DISMISSAL; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 3) |

**INTRODUCTION**

Plaintiff, an inmate in the Contra Costa County Jail who is proceeding without representation by an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against Matthew Fregi, a court-appointed lawyer who represented him in his criminal proceedings, and Contra Costa County Superior Court Judge John W. Kennedy, who presided over Plaintiff's criminal trial. (ECF No. 1.) Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons explained below, the complaint is dismissed because it does not state a claim that is capable of judicial determination.

**BACKGROUND**

Plaintiff claims Fregi provided ineffective representation at his criminal trial and violated his right to due process. (ECF No. 1 at 3.) Plaintiff represented himself in his first trial, and Fregi represented him at his retrial. (*Id.* at 2, 6.) He was convicted of first-degree murder on March 22, 2024. (ECF No. 1 at 6); *see State of California v. Randle*, No. 04002000347 (Contra Costa County Sup. Ct.) (docket entry of March 22, 2024, https://odyportal.cc-courts.org/Portal/Home/WorkspaceMode?p=0).[1]

---

[1] Courts "may take notice of proceedings in other courts, both within and without the federal

1    In February 2023, Judge Kennedy granted Fregi's motion to withdraw as Plaintiff's
2 attorney, but in September 2023, Judge Kennedy re-appointed Fregi to represent Plaintiff.  (*Id.* at
3 2.)  Plaintiff complains Fregi "started my trial without preparing a defense," "has animus bias"
4 because Plaintiff "report[ed] him to the courts and the California State Bar," failed to present the
5 same evidence Plaintiff presented when Plaintiff represented himself, and did not present
6 favorable witnesses or exculpatory evidence.  (*Id.* at 6-7.)  Plaintiff also alleges he threatened to
7 kill Fregi, and he stabbed Fregi in the courtroom with the jury present.  (*Id.* at 4-5, 7.)  Plaintiff
8 alleges Fregi "refused to file a motion for a mistrial" and agreed to continue representing Plaintiff.
9 (*Id.* at 7.)

Plaintiff claims Judge Kennedy deprived him of due process, discriminated against him based upon his "race/religion," committed "defamation of [his] character," violated his speedy trial rights, and subjected him to cruel and unusual punishment.  (*Id.* at 4.)  He alleges Judge Kennedy denied his motions to replace Fregi with a different lawyer, and ordered Plaintiff to be placed in restraints during court proceedings in view of the jury.  (*Id.* at 4-5, 8.)  Plaintiff also alleges he filed numerous complaints against Judge Kennedy with the Commission on Judicial Performance.  (*Id.* at 6.)

Plaintiff seeks damages and a new trial in a different venue.  (*Id.* at 8.)

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  Pleadings filed by unrepresented parties must be liberally construed.  *Balistreri v.*

---

judicial system, if those proceedings have a direct relation to matters at issue."  *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007); *see also* Fed. R. Evid. 201(c) (a court "may take judicial notice on its own").  Court orders and other court documents are proper subjects of judicial notice, *id.*, as are records of court proceedings, *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff has previously brought similar claims against both Defendants. In his suit against Fregi, he claimed, as he does here, Fregi provided him ineffective representation in his criminal proceedings.[2] *See Randle v. Fregi, et al.*, No. C 24-0323 JSC (PR) (ECF No. 1). As explained in the order dismissing Plaintiff's prior case, such claims are not capable of judicial determination under Section 1983:

> An appointed criminal defense lawyer does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981); *accord Vermont v. Brillon*, 556 U.S. 81, 93 (2009); *see also Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (attorneys in private practice are not state actors). It is the nature and context of the function

---

[2] In that case, Plaintiff also sued two other lawyers appointed to represent him, as well as the Contra Costa County Conflicts Panel.

> performed by the defense attorney that is determinative under *Polk County*. *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (holding public defender did not act under color of state law when performing traditional functions of criminal defense lawyer). Plaintiff alleges Ashe, Strauss, and Fregi "refused" to "prepare a defense," "hire the proper experts," "call favorable witnesses," "produce evidence that proves my innocence," and "file critical motions." (ECF No. 1 at 9-10.) These are clearly traditional functions performed by a defense lawyer in criminal proceedings. Consequently, under *Polk County*, Ashe, Strauss, and Fregi were not acting under color of state law, as is required to be liable under Section 1983, when they allegedly failed to represent Plaintiff in the manner he describes. Accordingly, Plaintiff's claims against these Defendants under Section 1983 for failing to adequately represent him in his criminal proceeding are not capable of judicial determination.

(*Id.* at ECF No. 5.) As in his previous case, Plaintiff's claims against Fregi in this case –- for failing to prepare a defense, failing to present favorable evidence and witnesses, and failing to file a motion of mistrial –- concern traditional functions performed by a defense lawyer in criminal proceedings. Consequently, under *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981), Fregi was not acting under color of state law and cannot be held liable under Section 1983 for Plaintiff's claims.

As he does here, Plaintiff previously sued Judge Kennedy for his rulings in Plaintiff's criminal proceedings. *See Randle v Contra Costa County Superior Court, et al.*, No. C 23-5799 JSC (PR) (ECF No. 1.) As explained in the order dismissing that case, a suit against individual state judges in their judicial capacity is barred by the Eleventh Amendment. *See Munoz v. Superior Court of Los Angeles County*, 91 F.4th 977, 980-81 (9th Cir. 2024) (citing *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021)). In addition, state judges are absolutely immune from a suit for damages for acts performed in their judicial capacity. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Whether an act by a judge is a judicial one relates to (1) the nature and function of the act and not the act itself, i.e., whether it is a function normally performed by a judge, and (2) the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). The judicial actions about which Plaintiff complains — denying Plaintiff's motions to appoint a different lawyer and ordering Plaintiff to wear shackles in the courtroom –- are clearly functions judges normally perform when carrying out their judicial duties. *See*, *e.g.*, *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th

4

Cir. 2001) (ruling on a motion and exercising control over a courtroom are normal judicial functions). Judge Kennedy is immune from Plaintiffs' lawsuit for his actions in adjudicating Plaintiffs' state court criminal proceedings.

Leave to amend should not be granted if amendment of the pleading would be futile. *See Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010). It is clear from the allegations in the complaint Plaintiff means to sue Fregi for his actions in representing Plaintiff, actions which were not taken under color of state law under Section 1983, and Kennedy for making rulings in Plaintiff's criminal proceedings, actions for which Kennedy is immune from suit. Such claims cannot be amended to state a claim against that is capable of judicial determination under Section 1983. Accordingly, leave to amend will not be allowed.

## CONCLUSION

For the foregoing reasons, the case is DISMISSED for failure to state a claim that is capable of judicial review and determination. The dismissal is without leave to amend and with prejudice. In light of this conclusion, Plaintiff's motion for appointment of counsel is DENIED.

The Clerk shall enter judgment and close the file.

This order terminates docket number 3.

**IT IS SO ORDERED.**

Dated: May 29, 2024

JACQUELINE SCOTT CORLEY
United States District Judge